JjPHILIP C. CIACCIO, J. Pro Tem.
Plaintiff, Susan Saia Romig, appeals the trial court’s judgment, in favor of the plaintiffs former husband, Thomas C. Romig. We affirm.
This appeal arises out the plaintiffs Rule for Increase in Child Support and For Reimbursement of Separate Funds Used to Pay a Community Debt. The defendant excepted to the reimbursement claim as prescribed. On February 28, 2000, the hearing officer rendered an interim order that inter alia, increased the defendant’s monthly child support obligation for the two minor children from $600.00 to $1218.00, and set the matter for an evidentiary hearing before the domestic commissioner.
After a hearing, the domestic commissioner raised the defendant’s child support obligation to $1250.00 per month, ordered him to provide health insurance on the children, and to pay 77% of the uncovered extraordinary medical expenses. The commissioner rejected the plaintiffs demand to include the children’s private *658 school tuition as part of the defendant’s child support obligation. The commissioner signed this judgment on May 15, 2000, and the trial judge signed it on May 17, 2000. The plaintiff objected to the commissioner’s judgment and sought a hearing before the district court judge.
| ¡.On May 25, 2000, the judge heard argument from counsel on the issue of the tuition, and also on the issue of the reimbursement claim, as well as each party’s mutual exception of prescription. On July 11, 2000, the district judge rendered a judgment that granted the exceptions of prescription and that adopted the commissioner’s ruling regarding the tuition. Plaintiff took her appeal on August 2, 2000.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In the plaintiffs first two assignments of error, she complains that the domestic commissioner and the trial judge erred by not including private school tuition as part of the defendant’s child support obligation. The defendant filed an answer in this Court, asserting that the appeal of the tuition issue is untimely because the plaintiff did not appeal the May 17, 2000 judgment within the delays provided by LSA-C.C.P. arts. 3942 and 3943. Defendant points out that since the parties consented to have the domestic commissioner adjudicate the child support issue as provided by LSA-R.S. 13:717(G), the plaintiff should have appealed this judgment, rather than seeking a hearing before the district judge. We agree.
The hearing before the domestic commissioner was only on the contested issue of child support, and specifically the plaintiffs request that private school tuition be included in the child support. This hearing was pursuant to LSA-R.S. 13:717, which permits the Criminal and Domestic Commissioners for the Twenty-Fourth Judicial District Court to hear certain matters upon the consent of the parties. Subsection G of the statute provides as follows:
G. Except as provided in this Subsection, the domestic commissioners shall not have the power to adjudicate cases in a contested matter of divorce, custody, permanent spousal support, paternity, or partition of community property, unless the parties consent in writing to the jurisdiction of the commissioner. Each time an action is filed with the clerk of court for the Twenty Fourth Judicial District Court, the clerk shall notify the parties to that action of their right to consent to jurisdiction by the commissioners. In each case in which all the parties provide a written waiver of their right to have their case heard by a district court judge, and provide written consent to the matter being heard and adjudicated by a commissioner, the commissioners may conduct any |sand all proceedings on any matter pending before the court and may order the entry of judgment in the case. Each judgment so recommended by a commissioner shall be signed by a judge of the Twenty-Fourth Judicial District Court. Any party who is aggrieved by a judgment entered by a commissioner may appeal that judgment in the same manner as any other judgment entered by a district court.
Thus, after the judgment was signed by the district court judge on May 17, 2000, plaintiffs remedy was by way of appeal to this Court, not another hearing by the district court judge. Accordingly, the appeal of the domestic commissioner’s ruling on the tuition issue is untimely.
Even if we were to find the appeal timely, there was no abuse of discretion in excluding private school tuition from child support. At the hearing before the domestic commissioner, the plaintiff testified *659 that although the eldest child was attending Kehoe France at the time of the parties’ divorce, private school tuition had never been part of the defendant’s child support obligation. Further, plaintiff acknowledged that as sole custodian of the children, she alone chose which schools the children would attend. Plaintiff stated that she had an annual salary of approximately $22,000.00, and that it was due to “loans and gifts” from her father that she was able to send her children to private schools with annual tuition of nearly $8,000.00 for her daughter at Sacred Heart and annual tuition of $5,000.00 for her son at Kehoe France. Plaintiff said that her father assisted her financially whenever she asked, but that “he is getting tired of paying for everything.” Finally, plaintiff stated that the children had no particular educational needs that required them to attend private school.
LSA-R.S. 9:315.6 provides for additional expenses, such as private school tuition, to be added to the basic child support obligation under certain circumstances.
9:315.6 Other extraordinary expenses; addition to basic obligation
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary 14or secondary school to meet the particular educational needs of the child.
[[Image here]]
Under these circumstances, even if the appeal had been timely, there is no abuse in discretion in excluding private school tuition from the defendant’s child support obligation.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
In the last two assignments of error, the plaintiff contends that the district court judge improperly granted the defendant’s exception of prescription to her claim for reimbursement. In the event this ruling is reversed, the defendant requests that we likewise reverse the trial judge’s granting of the plaintiffs exception of prescription to his lesion claim. We affirm the trial judge’s granting of both exceptions of prescription.
On June 18, 1992, the parties voluntarily partitioned their community property, including the family home located at 10 Wilcox Boulevard in Harahan. At that time, only Ms. Romig was represented by an attorney. When she attempted to sell the home in 1996, the plaintiff discovered that the property was encumbered by a.tax lien, which apparently resulted from the defendant’s default of his personal guarantee to pay $45,000.00 in delinquent sales taxes to the State of Louisiana.
On October 27, 1999, the plaintiff then filed a motion seeking reimbursement from the defendant because she paid a community debt with her separate funds. The defendant filed an exception of prescription on the basis that five-year prescriptive period to rescind the partition had expired. The plaintiff amended her rule to include actions for fraud, unjust enrichment and omission, to which the defendant responded with an affirmative defense of lesion and also a petition to rescind the partition, since a condominium co-owned by the parties had apparently not been included in the partition. In her answer, plaintiff contended lBthe voluntary partition could not be attacked as lesionary, since it was a transaction and compromise, *660 and excepted to the petition for recission as prescribed.
Plaintiff concedes that an action for re-cission of a partition prescribes in five years. However, she urges that in the case of fraud, prescription runs from the date of discovery. According to the plaintiff, Mr. Romig committed fraud because he knew of the tax lien at the time of the voluntary partition, but failed to disclose its existence.
After hearing arguments from counsel, the district court judge found no evidence of fraud on the defendant’s part, and granted both exceptions of prescription. We have reviewed the record and find no error in this ruling. There is no evidence that the defendant defrauded the plaintiff. In fact, the plaintiffs counsel admitted at the hearing that “both parties probably were in good faith.” We point out that if the property was encumbered by the tax lien at the time of the voluntary partition, plaintiff could easily have discovered its existence with a title examination, which plaintiff apparently elected not to have performed.
Finally, although the plaintiff claims in assignment of error number four that the trial judge failed to consider her alternative theories of recovery against the defendant’s exception of prescription, the record does not so reflect. Plaintiffs counsel urged these theories to the district court judge at the May 25, 2000 hearing. Nothing in the record reflects that the judge did not consider these theories advanced by plaintiff when he granted the defendant’s exception of prescription.
For the foregoing reasons, we dismiss the plaintiffs appeal as to the private school tuition, but otherwise affirm the judgment below. Costs of this appeal are to be shared equally between the plaintiff and defendant.

APPEAL PARTIALLY DISMISSED; OTHERWISE AFFIRMED.